9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cyriacus AGBADA, Defendant-Appellant.
 No. 93-5201.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 29, 1993.
Decided: November 12, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Raymond D. Kline, Alexandria, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Fernando Groene, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Cyriacus Agbada appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of conspiring to import and conspiring to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 952 & 963 (1981 & West Supp. 1993). Agbada and several co-defendants were charged with being part of a large scale drug smuggling operation under which heroin was imported from Africa into the United States.
 
 
 2
 Initially, we reject Agbada's contention that the evidence was insufficient to support his convictions. A sufficiency of the evidence challenge must be rejected if, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. LaRouche, 896 F.2d 815, 820-21 (4th Cir. 1990). To sustain a conspiracy conviction, the government had to show that a conspiracy existed, that the defendant had knowledge of the conspiracy, and that he voluntarily became a part of the conspiracy. See United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992).
 
 
 3
 Agbada does not appear to contest the existence of a conspiracy in this case, and, in any event, such evidence was overwhelming. Extensive testimony from special agents who investigated the operation, a confidential informant, and participants in the conspiracy, clearly established this element.
 
 
 4
 Moreover, contrary to Agbada's contention, there was more than ample evidence relating to his knowledge of and participation in the conspiracy. Testimony from co-conspirators provided numerous examples of Agbada's direct participation in the drug smuggling activities of the organization. These witnesses testified that Agbada had served as a heroin courier for the organization, transporting heroin from Nigeria to the United States, and had also transported proceeds from heroin sales to Nigeria. There was testimony that Agbada, who owned a taxi-cab, often transported other heroin couriers to and from airports. There was also evidence that Agbada had helped to count money from drug sales, and made phone calls in furtherance of the organization's heroin business.
 
 
 5
 There was also evidence indicating that Agbada directly participated in the particular events leading to the issuance of the indictment for conspiracy in this case. Much of the planning for the drug transaction at issue took place at the apartment of one of the government's confidential informants. The informant testified that on November 17, shortly before he was to leave for Kenya to obtain a quantity of heroin for importation to and distribution in the United States, Agbada came to his apartment with a co-conspirator and gave him specific instructions regarding the disposition of the heroin once he returned to the United States. Another witness present at the time corroborated this testimony, and added that Agbada also told the informant to contact him if the source of the heroin in Kenya was unable to deliver the drug.
 
 
 6
 We find that this evidence was plainly sufficient to support Agbada's convictions. We note Agbada's challenge to the admissibility of various items seized from his apartment, such as round trip airplane tickets to Nigeria, over $4500 in cash, papers showing that Agbada wired $1500 to Philadelphia, where agents testified the coconspirators received much of the heroin they distributed in the Eastern District of Virginia, and other papers containing the names, addresses, and phone numbers of the other co-conspirators. While we think that the other evidence in this case was sufficient to support Agbada's conviction in any event, we find that the evidence was properly admitted. Evidence relating to Agbada's associations and financial dealings was certainly relevant to whether he was participating in a drug conspiracy. Moreover, as the government correctly argues, these items were facially neutral and thus had no prejudicial effect.
 
 
 7
 The judgment of the district court is therefore affirmed.*
 
 AFFIRMED
 
 
 *
 Agbada's motion to discharge his counsel and stay action on this appeal is denied